IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

```
---------------------------------------------------------x
In re:                                                   :   Case No. 13-62234
                                                         :
        JACE W. STOCKER                                  :
                                                         :
                                                         :   Adversary Proceeding No. 16-6029
                Debtor.                                  :
---------------------------------------------------------:
LISA M. BARBACCI, TRUSTEE,                               :
                                                         :   Chapter 7
                                                         :
        Plaintiff,                                       :
                                                         :
        v.                                               :   Chief Judge Russ Kendig
                                                         :
JACE W. STOCKER                                          :
                                                         :
                                                         :
        Defendant.                                       :
---------------------------------------------------------x
```

## MOTION OF JACE W. STOCKER FOR PARTIAL SUMMARY JUDGMENT

Now comes Jace W. Stocker (the "Defendant"), by and through his undersigned counsel, and hereby moves this Court pursuant to Federal Rule of Civil Procedure 56, made applicable to adversary proceedings in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 7056, for a partial summary judgment against Plaintiff Lisa M. Barbacci. In support of this Motion, the Defendant states:

# MEMORANDUM IN SUPPORT

**I.     FACTS:**

1.     On September 10, 2013 (the "Petition Date"), the Debtor commenced his reorganization case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2.     The Debtor disclosed the existence of the William E. Stocker Trust for the Benefit of Jace W. Stocker (the "Trust") in his Schedule B and at his meeting of creditors held on November 5, 2013.  The Defendant testified that he believed the Trust had been exhausted.  The Plaintiff requested the following documents: bank statements from June 2013, through September 2013; 2012 tax returns; business asset sale documents & bank records; and home repair invoices; all of which the Defendant provided timely

3.     On February 4, 2016, (2 years and 5 months after the Petition Date) Plaintiff first requested the trust agreement for the Trust.  See Exhibit A attached hereto.

4.     Defendant sought the documents from the trustees of the Trust upon request by the Plaintiff.  See Exhibit B attached hereto.

5.     Defendant began seeking production of the requested information from the Trustee's and accountant for the Trust upon request by the Plaintiff but the Trust's trustees and accountant were not responsive to the Defendant's requests; a fact made aware to the Plaintiff.  See Exhibit C and Affidavit of Jace W. Stocker attached hereto.

6.     Plaintiff filed her motion for turnover on June 3, 2016, which was granted on June 21, 2016.

7.     Defendant continued to seek information and documents from the Trust's trustees and accountant and ultimately was able to produce documents and information requested by the

Plaintiff, or provided information sufficient for the Plaintiff to obtain the information herself. See Exhibit C attached hereto.

8. On August 25, 2016, Plaintiff commenced the above adversary proceeding by the filing of a complaint seeking to revoke the Defendant's discharge notwithstanding the fact that at all times relevant hereto Plaintiff had been made aware of the difficulty Defendant had encountered obtaining the documents requested 2 years and 5 months after the Petition Date.

9. Defendant was able to provide the requested information (the Trust agreement and identity of trustees and accountant), or as much as had been provided to him by the Trust's trustees and accountant.

## II. ARGUMENT:

### A. Summary Judgment Standards

1. Summary judgment may be granted if, when the pleadings, depositions, answers to interrogatories, and admissions on file, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e) made applicable to proceedings in bankruptcy by Fed. R. Bankr.P. 7056; Celetox Corp. v. Catrett, 477 U.S. 317 (1986). The movant must demonstrate each element of the claim. R.E. Cruise, Inc. v. Bruggeman, 508 F.2d 415 (6th Cir. 1975).

2. The Court does not weigh the evidence in considering summary judgment. Rather, it determines only whether a material factual dispute remains for trial. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997). An issue is genuine only if there is sufficient evidence for a reasonable fact finder to find in favor of the non-moving party, and a fact is material if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986)).

3. The party opposing the motion may not rest on the pleading but must by its own evidence produce facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 250.

4. Moreover, if the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element I order to survive a motion for summary judgment. Celotex Corp., 477 U.S. at 322-23 (1986). Failure to sustain this burden as to any required element of a cause of action is fatal to that cause, even if issues are show to exist as to other elements. A complete failure on one element necessarily renders the other elements "immaterial," whether factually disputed or not. Celotex, 477 U.S. at 323.

  B.    Revocation of Discharge

5. In Count One of Plaintiff's Complaint, Plaintiff seeks to impose the "bankruptcy death sentence" upon the Defendant for his failure to provide documents promptly enough for Plaintiff, or by an arbitrary date, that the Plaintiff did not even request for 2 years and 5 months after the petition date. The relief requested by Plaintiff is clearly not proportional to the acts alleged by Plaintiff. Furthermore, Plaintiff cannot establish facts sufficient to grant the relief she seeks.

6. Denial or revocation of a debtor's discharge is an extreme remedy and should be used sparingly. See, Hunter v. Magack (In re Magack), 247 B.R. 406, 409 (Bankr. W.D. Ohio 1999). Further, revocation of discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6) required more than simply failing to comply with a court order. The Plaintiff must prove by clear and convincing evidence that the Defendant intentionally refused to obey the court's order. Id., at 409-11. See also, Noland v. Johnson (In re Johnson), 387 B.R. 728; 749 (Bankr. S.D. Ohio 2008) and Parker v. Ferguson (In re Ferguson), Case No.: 14-32650, Adv. Pro. No. 15-3045, LEXIS 4263; 2015 WL 9306430 (Bankr. N.D. Ohio 2015). The Magack court explained that

denying or revoking a debtor's discharge pursuant to sections 727(d)(3) and (a)(6) requires intent similar to a contempt proceeding. <u>Id.</u>, at 410. Finally, the <u>Magack</u> court applied the following standard to such proceedings:

> In other words, the contemnor must establish that he has been reasonably diligent and energetic in attempting to comply with the court's mandate by taking all reasonable steps within his power to ensure compliance.

<u>Id.</u>, at 411. Defendant in this case has been diligent and energetic in attempting to comply with the Court's order but was thwarted by the inaction of the Trust's trustees and accountant.

7. Plaintiff cannot establish that the Defendant refused to provide the requested documents. Plaintiff did produce documents either directly responsive to the Plaintiff's request or information that would lead the Plaintiff to be able to obtain the documents and information herself.

WHEREFORE, Jace W. Stocker respectfully requests that the Court enter an Order in the form attached hereto granting Defendant a partial summary judgment on Count One of her Complaint pursuant to Federal Rule of Civil Procedure 56, made applicable to adversary proceedings in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, and for such other and further relief to which the Defendant may be entitled.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (00592650)
3930 Fulton Dr., N.W., Ste. 100B
Canton, Ohio 44718
Telephone (330) 305-9700
Facsimile (330) 305-9713
E-mail ajdlaw@sbcglobal.net

COUNSEL FOR THE DEFENDANT
JACE W. STOCKER

5

133040

16-06029-rk    Doc 15    FILED 12/05/16    ENTERED 12/05/16 10:04:33    Page 5 of 15

## CERTIFICATE OF SERVICE

    I hereby certify that on December 5, 2016, a copy of the foregoing Motion was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- Lisa M. Barbacci, Trustee - Canton     barbaccitrustee@gmail.com, lbarbacci@ecf.epiqsystems.com
- Michael J. Moran     mike@gibsonmoran.com, moranecf@gmail.com
- United States Trustee     (Registered address)@usdoj.gov

                                                     /s/ Anthony J. DeGirolamo
                                                     Anthony J. DeGirolamo

**EXHIBIT A**

**Anthony J. DeGirolamo**

**From:** Lisa Barbacci <barbaccitrustee@gmail.com>
**Sent:** Thursday, February 04, 2016 12:02 PM
**To:** Anthony J. DeGirolamo
**Subject:** Stocker 13-62234

Attorney DeGirolamo,

We are reviewing this case and are unable to locate the following records:

 1. William Stocker Trust documents including an outstanding list of assets and a statement of Debtor's current interest
 2. Tax Returns for 2012 and 2013
 3. Balance Sheets and Profit and Loss statements for Stonefield Western for 2012 and 2013

Please forward copies of the foregoing records no later than February 26, 2016.

Thank you.

Respectfully,

William M. Shelly, Esq.
Office of Lisa M. Barbacci

--
Lisa M. Barbacci
Chapter 7 Trustee
P.O. Box 1299
Medina, Ohio 44258-1299
telephone 330.722.4488
barbaccitrustee@gmail.com

*****************************************************************************
This communication (including any attachments) may contain privileged or
confidential information intended for a specific individual and purpose,
and is protected by law. If you are not the intended recipient, you should
delete this communication and/or shred the materials and any attachments and
are hereby notified that any disclosure, copying, or distribution of this
communication, or the taking of any action based on it, is strictly prohibited.

Thank you.

**EXHIBIT B**

133040

**Anthony J. DeGirolamo**

**From:** (null) (null) <jwstocker@yahoo.com>
**Sent:** Tuesday, April 05, 2016 3:57 AM
**To:** Anthony J. DeGirolamo
**Subject:** Re: Trustee's Document Request

Tony, I am currently working out of town and have been unable to assist Erin in the search for said documents. I presented any and all documents requested by my trustee when this bankruptcy was filed 3 YEARS AGO therefore I fail to see the direct urgency in locating them again. I Will try again to track down the requested info as soon as possible.
Jace Stocker
330.432.2147
jwstocker@yahoo.com

**EXHIBIT C**

133040

# Anthony J. DeGirolamo

**From:** (null) (null) <jwstocker@yahoo.com>
**Sent:** Friday, August 26, 2016 3:54 PM
**To:** ajdlaw@sbcglobal.net
**Subject:** Trust Docs

Tony, I just spoke with the family accountant and I was told that I am not privy to the docs because I am not a trustee, only the beneficiary. I have to fly out to Idaho next week, can you get me some more time to work on things.

Jace Stocker
330.432.2147
jwstocker@yahoo.com

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

```
-----------------------------------------------------------x
In re:                                    :   Case No. 13-62234
                                          :
     JACE W. STOCKER                      :
                                          :
                                          :   Adversary Proceeding No. 16-6029
                    Debtor.               :
-----------------------------------------------------------:
LISA M. BARBACCI, TRUSTEE,                :
                                          :   Chapter 7
                                          :
                    Plaintiff             :   Chief Judge Russ Kendig
                                          :
         v.                               :
                                          :
JACE W. STOCKER                           :
                                          :
                                          :
                    Defendant.            :
-----------------------------------------------------------x
```

## AFFIDAVIT OF JACE W. STOCKER

I, JACE W. STOCKER, being duly sworn states:

1. I am of sound mind and fully competent to testify to the matters set forth herein.

2. I am married with 4 children and am currently unemployed.

3.      Upon receipt of the Plaintiff's first request of February 5, 2016, (2 years and 5 months after the filing of my bankruptcy petition) for documents related to the Trust, I requested from the Trustees and Accountant, the trust agreement for the Trust[1] and any other document requested by the Plaintiff.  Specifically, I sent e-mails to the Trust's accountant Mr. Klopfer 3 times concerning the trust documents starting on June 21, 2016, each with no response.  I also called him three times before I was able to actually speak with him.

4.      I traveled for my former job and I am out of town 5 days per week every week so it was difficult for me to obtain the requested documents and information from the trustees and accountant.  This year my worksites have been: Findlay, OH, Davis Bessie Nuclear Power Station near Port Clinton; BP Refinery in Toledo; and now with ITI who is nationwide.  I have spent a small amount of time this year in Northern Ohio.

5.      At the same time, in April 2016, the IRS denied my offer to settle my 2013 tax bill and then in July 2016 the IRS started sending me threatening letters and upsetting my wife.

6.      Despite repeated requests made to the trustees and accountant I was not able to obtain the documents and information requested by the Plaintiff until August and September 2016.

7.      I provided the names of the Trust's trustee and accountants in August 2016 sufficient for the Plaintiff to obtain all information she required.

**FURTHER AFFIANT SAYETH NAUGHT.**

STATE OF OHIO                        )
                                     ) ss
COUNTY OF TUSCARAWAS                 )

---

[1] All capitalized terms used herein shall have the same meaning as defined in the Motion.

Sworn to before me this 3rd day of ~~October~~ December 2016.

_____
Jace W. Stocker

_____
Notary Public



Holly S. Miller
Notary Public, State of Ohio
My Commission Expires
July 5, 2020

3

133077