**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 09:24 AM January 17, 2017**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JACE W. STOCKER, | ) | CASE NO. 13-62234 |
| | ) | |
| Debtor. | ) | ADV. NO. 16-6029 |
| _____ | ) | |
| LISA M. BARBACCI, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JACE W. STOCKER, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant-debtor ("Debtor") filed a motion for partial summary judgment on December 5, 2016 seeking dismissal of the first count of the chapter 7 trustee's ("Plaintiff") complaint to revoke his discharge. Plaintiff opposes the motion.

The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for

1

the Northern District of Ohio on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b) and the court has authority to issue final entries. Venue in this district is appropriate under 11 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## **BACKGROUND**

Plaintiff's complaint contains two counts under 11 U.S.C. § 727, both seeking revocation of Debtor's discharge. Debtor moves for summary judgment in his favor on count one under 11 U.S.C. § 727(a)(6) and (d)(3). In this count, Plaintiff contends that Debtor's failure to comply with a turnover order dated June 21, 2016 is grounds for revocation of the discharge. According to Debtor, he was unable to comply.

When he filed his individual chapter 7 case on September 10, 2013, Debtor listed an interest in the William Stocker Trust ("Trust") on Schedule B, valued at $0.00. The Statement of Financial Affairs indicated he received a $20,000.00 payment from the Trust in 2013. Plaintiff, the chapter 7 trustee, alleges that he liquidated his interest in the trust in May 2013, valued at $90,600.00, but received a postpetition distribution of more than $20,000.00 for prepetition income.

Plaintiff's initial report in the main case, dated November 8, 2013, indicates she intended to review "trust and use of trust funds prepetition." She held and concluded the 341 meeting of creditors on November 19, 2013 and designated it an asset case. Debtor received a discharge on January 10, 2014. In October 2014, Plaintiff filed a nearly identical interim report. In April 2015, she hired counsel to assist her with trust issues. Her next three interim reports from April 2015, October 2015, and April 2016, add little save to reference possible claims regarding the trust.

On June 3, 2016, nearly three years after the case was filed and more than two and one-half years after the 341 meeting, she filed a motion for turnover of records seeking "a copy of the William J. Stocker Trust, a list of all assets held therein, and an accounting of the Debtor(s)' interest therein" within five days of entry of the order, which the court issued on June 21, 2016.

Debtor did not comply. On or about August 13, 2016, he provided an activity detail statement from JPMorgan Chase Bank which shows that $22,736.72 was paid to Debtor from the Trust on August 8, 2016.

In explanation, he claims his multiple attempts to obtain the documents were rebuffed because he was a beneficiary, not a trustee. He blames additional delay on other life factors, including his out-of-town work. He also avers that the information he belatedly provided would have allowed Plaintiff to obtain what she sought.

2

# DISCUSSION

      A court is instructed to grant summary judgment when "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bank.Pro. 7056; Fed.R.Civ.Pro. 56(a). Movant "bears the initial responsibility of informing the . . . court of the basis for its motion" by

> (A) citing to particular parts of material in the records, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed.R.Civ.Pro. 56(c)(1). All evidence, facts and inferences are viewed in the light most favorable to nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Once movant satisfies its obligation, the burden shifts to nonmovant to show material facts exist that warrant trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

      The legal question before the court centers on the level of intent necessary to revoke a discharge under 11 U.S.C. § 727(a)(6) and (d)(3). These provisions provide "on request of the trustee . . . the court shall revoke a discharge . . . if – . . . (3) the debtor committed an act specified in (a)(6) of this section," which calls for denial of discharge when "the debtor has refused, in the case—(A) to obey any lawful order of the court, other than an order to respond to a material question to testify." 11 U.S.C. § 727(a)(6), (d)(3). Debtor contends his mere failure to comply with the turnover order is insufficient because Plaintiff must demonstrate an intentional refusal, which Plaintiff disputes.

      The court is going to dispense with an ancillary item immediately. Debtor's frustration resulting from Plaintiff seeking this information nearly two and one-half years after she conducted the 341 meeting is understandable. Her lack of diligence is baffling. Regardless, this court issued an order and any failure to comply denigrates the authority of the court.

      Following sister courts, this court adopts a civil contempt standard for determining the intent necessary to revoke a discharge under § 727(a)(6)/§ 727(d)(3). Hunter v. Magack (In re Magack), 247 B.R. 406 (Bankr. N.D. Ohio 1999); Brown v. Lindsey (In re Lindsey), 2009 WL 1608526 (Bankr. N.D. Ohio 2009); Parker v. Johnston (In re Johnston), 2012 WL 6757281 (Bankr. N.D. Ohio 2012). This standard recognizes that revocation of discharge is an extraordinary remedy and allows § 727(d) to be liberally construed in favor of debtor and against the party seeking revocation. Humphreys v. Stedham (In re Stedham), 327 B.R. 889, 897

(Bankr. W.D. Tenn. 2005) (citation omitted).  Second, it acknowledges that Congress could have imposed a willful or intentional standard, as it did in § 727(a)(2).  Magack, 247 B.R. 406, 410; Lindsey, 2009 WL 1608526, * 2.  Third, it gives substance to use of the word "refused" over "failure."  Johnston, 2012 WL 6757281, * 2.

Three elements are necessary to establish civil contempt:  "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite."  Magack, 247 B.R. 406, 410 (citing Glover v. Johnson, 138 F.3d 229, 244 (6th Cir. 1998) (other citation omitted)).  There is no dispute that the court issued an order and Debtor failed to comply with it.  Upon demonstrating a prima facie case of civil contempt, the burden shifts to Debtor to establish a defense.  Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co., 340 F.3d 373, 379 (6th Cir. 2003)).

While inability or impossibility may defeat a finding of civil contempt, the burden of proof is demanding.  Glover, 934 F.2d 703, 708 (citing Peppers v. Barry, 873 F.2d 967, 969 (6th Cir. 1989)) *see also* Magack, 247 B.R. 406, 410 (citing United States v. Bryan, 339 U.S. 323, 330-334 (1950))  Good faith and mere due diligence are insufficient.  Id.  The test is whether 'the defendants took all reasonable steps within their power to comply with the court's order.'  Id.  Inability to comply must be shown 'categorically and in detail.'  Glover at 708 (citing Aspira of New York, Inc. v. Bd. of Educ. of New York, 423 F.Supp. 647, 654 (S.D.N.Y. 1976) (citation omitted); *see also* Elec. Workers Pension Tr. Fund, 340 F.3d 373, 379 (quoting Rolex Watch U.S.A. , Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted)).

Debtor submitted an affidavit that avers to the following acts furthering compliance with the order:  (1) sending at least three emails to the Trust's accountant, Mr. Klopfer, starting on June 21, 2016; (2) telephoning Mr. Klopfer three times before making contact, (3) obtaining the information in August and September after repeated attempts to contact the trustees and accountant, and (4) providing sufficient information in August for Plaintiff to obtain what she sought.  (M. Part. Summ. J., Aff. of Jace W. Stocker, ECF No. 15)  He attached a copy of a purported email to his attorney, dated August 26, 2016, that states the family accountant informed him he was "not privy to the docs because I am not a trustee, only the beneficiary." (Id., Ex. C, ECF No. 15).  He also indicates that he generally worked out of town five days a week, making it difficult to get the information from the trustees and accountant.  Even viewed in the light most favorable to Trustee, these facts demonstrate efforts to comply with the order.  The burden now shifts to Trustee to counter the facts and create a genuine issue for trial.

Trustee points to the self-serving nature of Debtor's affidavit and posits that Debtor needs supportive evidence, not mere assertions, as a basis for his defense.  She cites Magack and Brown v. Harrell (In re Harrell), 2012 WL 2412031 (Bankr. N.D. Ohio 2012).  Neither case is helpful.  After a trial, the Magack court found the debtor did not carry his burden of proof.  His failure to contact the trustee or make payments for over a year, coupled with his underemployment, negated the conclusion that he took all reasonable steps to comply with the court order.  Magack, 247 B.R. 406, 411.  Here, the facts suggest Debtor raised colorable facts to show he did take reasonable steps to comply.  Harrell is easily distinguishable.  It involved

4

an unopposed motion for summary judgment. Through an affidavit, the trustee established the elements of civil contempt. As the Harrell court noted, "the debtor was given an opportunity to explain her failure to comply . . . but failed to do so by not filing a response to the trustee's motion for summary judgment." Harrell at * 3. Since these cases do not stand for the proposition advanced by Trustee, the court declines to disregard Debtor's affidavit as support for his inability to comply defense. Debtor has clearly done more than the debtor in Harrell and presented a more compelling case than Magack.

Trustee also submits Debtor was less than diligent in his turnover efforts, dragging his feet until after he received and spent a distribution from the Trust. The timing is troubling and does raise a question of whether Debtor was "reasonably diligent and energetic" in his attempts to comply. The record indicates Debtor learned of the accountant's entrenchment to not provide the documents *after* this adversary proceeding was filed. Consequently, the court concludes that material factual questions exist about whether Debtor took all reasonable steps to timely comply with the turnover over. Debtor's motion for partial summary judgment will be denied by a separate order to be entered immediately.

#     #     #

**Service List:**

Michael J. Moran
Gibson & Moran
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718